■ In the Matter of TAPE VEE CORP. et al., Respondents, v. TOWN BOARD OF THE TOWN OF HEMPSTEAD, Appellant, and AURORA PLASTICS CORP., Intervenor-Appellant.— In a proceeding pursuant to CPLR article 78 to annul two resolutions of the Town Board of the Town of Hempstead, the first approving a site plan as to property of the intervenor, Aurora Plastics Corp. and the second amending the first as to parking facilities, the Town Board (as limited by its brief) and the intervenor appeal from so much of a judgment of the Supreme Court, Nassau County, dated January 2, 1968, as vacated and annulled said resolutions. Judgment reversed insofar as appealed from, on the law, with a separate bill of $10 costs and disbursements to each appellant, and petition dismissed on the merits. No questions of fact were considered. The Building Zone Ordinance of the Town of Hempstead required the intervenor to " provide off-street automobile parking spaces either on * * * [its] premises or off [its] premises within three hundred feet of such premises " for at least 361 automobiles. More than the requisite number of parking spaces have been provided if the spaces on land leased by Aurora from the Village of Garden City are included. Special Term held that the leased land may not be deemed to have provided parking area within the meaning of

the Building Zone Ordinance, as the lease ran for only a five-year period and was terminable by the Village. The resolutions of the Town Board were administrative in nature for the purposes of appellate review (cf. *Matter of Stine* v. *Kirvin*, 17 A D 2d 716, mot. for lv. to app. den. 12 N Y 2d 644). As such, they are subject to review on the issue of reasonableness (*Matter of Lemir Realty Corp.* v. *Larkin*, 11 N Y 2d 20, 24). While Special Term's interpretation of the Building Zone Ordinance was a reasonable one, the Town Board's determination was reasonable also. It had enacted the ordinance, it was possessed of all relevant information and, presumptively, was aware of the relative likelihood of the cancellation of the lease. As the Building Zone Ordinance condoned off-premises parking, it impliedly contemplated lease arrangements. In such instance the Town Board's approval of the lease in question should not be interfered with unless it was obviously a ruse intended to circumvent the zoning requirements. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur. [55 Misc 2d 989.]